Opinion of the Court, by
Judge Owsley.
THE appellee, as assignee of William Cook, filed with the clerk of the Jefferson circuit court a petition and bond against the appellant. He states in his petition, that the obligee, William Cook, did assign over to him the bond. The clerk, in making out a copy of the petition, omitted the word “over,” in the assignment. The sheriff returned on the summons which issued in the cause, as follows: “Came to hand 30th January 1811; and I have served the within petition and summons, by delivering a true copy thereof to each of the defendants, the same day.” On the 20th of February 1811, being the return day of the summons, the appellant appeared by his attorney, and moved the court to quash the process, because of the variance between the petition filed and the copy made out by the clerk. The court overruled the motion, and on the same day awarded judgment against the appellant.
Note.—Prior to this decision, and since, (for the case has been known to but few,) circuit courts have quashed the process for variances perhaps not more material, on the ground, that the act of assembly requires a copy of the petition to be served, and when the question is, "copy or not," the materiality of the variance cannot be material. Nothing, however, can be alleged against the justice or the convenience of the doctrine established by this case.
The first error assigned questions the decision of the court in refusing to quash the process. The variance we think immaterial, and cannot vitiate the proceedings; the court, therefore, decided correctly in overruling the motion of the appellant.
The other error assigned questions the propriety of the court’s awarding judgment at the first term. The law requires the process to be served ten days before the return day, to justify a judgment at the first term, and makes it the duty of the officer to mention in his return the time of execution. There is some ambiguity in the return made by the sheriff; but the most obvious meaning is, that it was served on both the defendants on the day it came to hand. The officer having acted in his official capacity in making the return, such a construction should be give as would be most favorable to his having discharged his duty correctly. We think, therefore, that the return on the process justified the court in awarding judgment against the appellant.
Judgment affirmed with costs and damages.